IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DANIELLE MOORE,** on behalf of herself and all those similarly situated, | : : : : | |
| Plaintiff, | : : | |
| | : | CIVIL ACTION |
| v. | : : | FILE NO. _____ |
| **VALET WASTE, LLC,** | : : : | |
| Defendant. | : : | |

## COMPLAINT

### I. NATURE OF CLAIM

1.

Plaintiff Danielle Moore ("Plaintiff"), for herself and on behalf of others similarly situated who consent to representation, assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for unpaid overtime compensation, failure to be paid a minimum wage for all hours worked, liquidated damages, reasonable expenses of litigation and attorney's fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

3.

This Court has venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

4.

Defendant is subject to the jurisdiction of this Court and venue is proper as Defendant's registered agent is located within this Court's jurisdiction.

### III.  PARTIES

5.

Plaintiff is a former "service vendor" of Defendant.  The individuals contemplated to join this action are current or former "service vendors" of Defendant.

6.

Plaintiff brings this action as a collective action for herself and on behalf of all other similarly situated current and former service vendors of Defendant who consent to representation who have been denied overtime compensation and payment of at least a minimum wage for all hours worked, and who have been mis-classified as independent contractors and not employees, pursuant to 29 U.S.C. § 216(b).  Plaintiff has consented to participate in this action and to represent the interests of the putative class.  This consent is attached hereto as Exhibit 1.  The consents of other similarly situated individuals to participate in this suit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

7.

Defendant is a corporation doing business within this judicial district, and is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.

Plaintiff was a service vendor of Defendant who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

9.

At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-216 in that Plaintiff, and all those similarly situated, performed services for Defendant for which no provision was made to properly pay for those hours in which overtime and unpaid wages were required to be paid, and for which they were classified as independent contractors rather than employees.

## IV.  FACTUAL ALLEGATIONS

10.

Defendant provides waste pick-up services to its clients in the State of Georgia and other states.  According to its website, Defendant provides these services in over twenty-five (25) metropolitan areas throughout the country.

11.

Defendants have been and continue to intentionally mis-classify its service vendors as independent contractors rather than employees in an effort to avoid tax consequences, potential liability, and other benefits provided to employees of Defendant.

12.

Throughout the duration of Plaintiff's time working for Defendant, the Defendant did not pay overtime compensation to its service vendors for work performed in excess of forty (40) hours in a workweek.

13.

Throughout the duration of Plaintiff's time working for Defendant, the primary duties of service vendors conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

14.

Throughout the duration of Plaintiff's time working for Defendant, all assignments were determined solely by Defendant and Plaintiff and those similarly situated had to comply in all respects with the schedule dictated by Defendant.

15.

Throughout the duration of Plaintiff's time working for the Defendant, Plaintiff and those similarly situated worked hours for which they received no payment. Defendant knew Plaintiff and those similarly situated were working hours for which they received no payment and that federal law requires employees to be paid at least a minimum wage for all hours worked.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION AND MINIMUM WAGE**

16.

Plaintiff re-incorporates and re-alleges the information contained in Paragraphs 1-15 above.

17.

Plaintiff, and all those similarly situated, are entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

18.

Plaintiff, and all those similarly situated, are entitled to be paid a minimum wage for all hours worked for Defendant.

19.

As a result of Defendant's actions, Plaintiff, and all those similarly situated, have been damaged in an amount to be proven at trial.

### COUNT II – LIQUIDATED DAMAGES

20.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-19 above.

21.

The Defendant's actions with respect to their failure to pay Plaintiff, and those similarly situated, both a minimum wage for all hours worked and time and one half for all hours worked above forty in a work-week, were willful and deliberate.

22.

The Defendant's actions to mis-classify Plaintiff, and those similarly situated, as independent contractors rather than employees were willful and deliberate.

23.

There is no evidence that the Defendant's actions in failing to pay Plaintiff, and those similarly situated, either a minimum wage or proper overtime compensation was done in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

24.

There is no evidence that the Defendant's actions in mis-classifying Plaintiff, and all those similarly situated, as independent contractors rather than employees was done in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

25.

The Defendants' actions and lack of good faith in failing to comply with the FLSA, give rise to a claim for unpaid compensation for three (3) years prior to the filing of this Complaint, a liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees.

## **PRAYER**

WHEREFORE, Plaintiff respectfully prays that this Court do the following:

1. Certify the FLSA claim as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendants;

2. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff and those similarly situated;

3. Require Defendant to pay Plaintiff, and those similarly situated, damages for lost overtime compensation calculated at time and one half for all hours worked above forty (40) in a work-week;

4. Require Defendant to pay Plaintiff, and those similarly situated, damages for all hours worked and for which Defendant failed to pay a minimum wage;

5. Require Defendant to pay Plaintiff, and those similarly situated, liquidated damages as provided for under the FLSA and their reasonable attorney's fees;

6. Require Defendant to pay Plaintiff, and those similarly situated, all compensation and the reasonable value of the benefits they would have received had they been properly classified as employees of Defendant, and not independent contractors;

7. Permit a trial by jury on all issues so triable; and

8. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS FOR WHICH SHE HAS A RIGHT TO A JURY.**

Respectfully submitted this 18th day of April 2013.

        MBW LAW, LLC

        s/Michael B. Weinstein
        Michael B. Weinstein
        Georgia Bar No. 746386
        949 Image Avenue – Suite B
        Atlanta, GA 30318
        (404) 228-2629 (O)
        (888) 231-0613 (F)

        *Attorney for Plaintiff*